Leon Jon Bonney, Esq.   (SBN 109010)
Bonney & Associates Attorney at Law
825 Van Ness Avenue, Suite 304
San Francisco, CA 94109-7837
Tel: 1-415-986-0115 Fax: 1-415-236-6479
Email: ljbonney@earthlink.net

Attorney for Debtors

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Julio P Julao Jr.<br>Elisa P Julao<br>               Debtors | Case No. 09-31756 DM Ch. 13<br>**MEMORANDUM re MOTION TO VALUE SECURITY**<br>Hearing Date:   10/14/09  **(TENTATIVE – TO BE HEARD ONLY IF REQUESTED)**<br>Time: 2:30 PM<br>Judge:  MONTALI<br>Place: Crt Rm 22 – USBC 235 Pine Street San Francisco |

**MEMORANDUM POINTS and AUTHORITIES IN SUPPORT
OF MOTION TO VALUE SECURITY
(LIEN STRIP REAL PROPERTY)**

## INTRODUCTION

The Debtors, above-named, filed a motion to value security affecting the residential real property located at 3906 Savannah Ct South San Francisco, CA 94080−3947 (PROPERTY), pursuant to 11 U.S.C. § 506(a), Fed. R. Bankr. P. 3012, and applicable local rules and procedures as identified in the Notice accompanying this motion.  The Movant seeks establish that **WELLS FARGO BANK NA** (LIEN HOLDER) holds a wholly unsecured lien.  In so doing intends to modify the rights of the above-named creditor under 11 U.S.C. § 1322(b)(2).  Further, Movant seeks to establish that LIEN HOLDER's lien is wholly unsecured so as to classify LIEN HOLDER as a General Unsecured Claim subjected to the rights, obligations and payment under the Debtors' Chapter 13 Plan. In effect, to "lien-strip" LIEN HOLDER's lien, the result of which would terminate and extinguish said claim and lien upon completion by Debtors of the Chapter 13 plan.

## FACTS

The debtors filed a Petition for Relief under Chapter 13 on June 26, 2009. The PROPERTY which is the subject of the motion is the debtors' residence. The holder of a first mortgage against the PROPERTY is WELLS FARGO HOME MORTGAGE, INC., holding a secured claim in the approximate amount of $664,000.00. The holder of a second mortgage against the PROPERTY is **WELLS FARGO BANK NA**, holding a claim in the approximate amount of $108,072.24. The value of the PROPERTY, as evidenced by the supporting declaration and appraisal, is $545,000.00as of the petition filing date and pursuant to the appraisal conducted on July 17, 2009. The value of the PROPERTY, therefore is less than the total encumbrance of the holder of the first mortgage leaving no equity available to secure LIEN HOLDER's security.

## LAW & ARGUMENT

The patent issue of whether a debtor can value a creditor's security for the practical purpose of establishing the value of the creditor's claim is found under 11 U.S.C. § 506(a). Section 506(a)(1) in pertinent part reads: *An allowed claim of a creditor secured by a lien on property in which the estate has an interest, … is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, … and is an unsecured claim to the extent that the value of such creditor's interest … is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.* Here the debtor has invoked the rights under Section 506 and has established that the value of the security is less than the amount of the claim in that the value of the security holds sufficient equity only to cover the interest of the holder of the first mortgage.

The underlying issue of whether a debtor may modify the rights of a secured creditor for the purposes of classifying the creditor as a General Unsecured Creditor to be paid under a Chapter 13 Plan as a general unsecured claim, in other words to "lien-strip, is determined under combined reading of 11 U.S.C. § 1322(b)(2) and 11 U.S.C. § 506(a). The first question to consider is whether the creditor's lien

is partially secured. The anti-modification clause of 11 U.S.C. § 1322(b)(2) prohibits lien-stripping if, presumably, one dollar worth of equity attaches to the lien. *Nobelman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). Nobleman holding in summary that a Chapter 13 debtor may not bifurcate a secured creditor's lien which is secured only by the debtor's residential real property.

The second question to consider is whether the creditor's security is wholly unsecured with not one dollar of equity attaching to its lien. If, as is in the instant case, there is no equity to cover any of the creditor's lien, then the anti-modification clause of 11 U.S.C. § 1322(b)(2) does not prohibit modifying the lien rights of the creditor. The plain language of 11 U.S.C. § 1322(b)(2) provides that anti-modification protection is only available to holders of secured claims. *Zimmer v. PSB Lending Corporation (In re Zimmer)*, 313 F.3d 1220, 9th Cir (2002) See Also *Lane v. W. Interstate Bancorp (In re Lane)*, 280 F.3d 663, 667-69 (6th Cir.2002); *Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122, 126 (2d Cir.2001); *Tanner v. First-Plus Fin., Inc. (In re Tanner)*, 217 F.3d 1357, 1359-60 (11th Cir.2000); *McDonald v. Master Fin., Inc. (In re McDonald),* 205 F.3d 606, 611 (3d Cir.2000); *Domestic Bank v. Mann (In re Mann)*, 249 B.R. 831, 840 (B.A.P. 1st Cir.2000); *Lam v. Investors Thrift (In re Lam)*, 211 B.R. 36 (1997). Thus, here creditor's security is without any value, and as such is not secured. The security being unsecured, the claim of the creditor, notwithstanding a lien, is wholly unsecured and can therefore be modified under Section 1322.

The question is thus answered. The value of the PROPERTY is less than the value of the first mortgage. There is no equity available to secure the lien of LIEN HOLDER. The value of LIEN HOLDER's security is zero, thus the underlying claim of LIEN HOLDER is unsecured.

///

Case: 09-31756    Doc# 40    Filed: 09/14/09    Entered: 09/14/09 14:14:05    Page 3 of 4

**CONCLUSION**

The Debtor has established, by competent evidence, inter alia, a valid real property appraisal performed by a qualified professional licensed by the State of California to provide such appraisals, that the value of LIEN HOLDER's security is unsecured.

WHEREFORE, Movant prays for an order approving the motion.

/s/ Leon Jon Bonney                                                                        Dated:  JULY 31, 2009
Leon Jon Bonney
Attorney at Law  SBN: 109010

Leon Jon Bonney
Bonney & Associates
Attorney at Law

-- Page 4 of 4
Case: 09-31756    Doc# 40    Filed: 09/14/09    Entered: 09/14/09 14:14:05    Page 4 of 4
[memorandum and motion lien strip opportunity for hearing.doc.docx]