1   EDDIE R. JIMENEZ (CA SBN 231239)
    GABRIEL OZEL (CA SBN 269098)
2   HIEU T. PHAM (CA SBN 265146)
    PITE DUNCAN, LLP
3   4375 Jutland Drive, Suite 200
    P.O. Box 17933
4   San Diego, CA 92177-0933
    Telephone: (858) 750-7600
5   Facsimile: (619) 590-1385

6   Attorneys for HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS
                   FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-
7                  THROUGH CERTIFICATES SERIES 2006-AR13

8

9
                        UNITED STATES BANKRUPTCY COURT
10
              NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION
11

12                                          | Case No. 09-31756-DM
     In re                                  |
13                                          | Chapter 13
                                            |
14   JULIO P. JULAO JR AND ELISA P JULAO,   | MOTION FOR RELIEF FROM
                                            | AUTOMATIC STAY
         Debtor(s).                         | (11 U.S.C. § 362 and Bankruptcy Rule 4001)
15
                                            |
16                                          | Property:    3906 Savannah Court, South
                                            |              San Francisco, California
17                                          |              94080
                                            |
18                                          | Position:    First Deed of Trust
                                            |
19                                          | DATE:        March 3, 2011
                                            | TIME:        9:30 am
                                            | CTRM:        22
20
                                            |
21                                          | 235 Pine Street, 19th Floor
                                            | San Francisco, CA 94104

22          TO THE RESPONDENTS NAMED ABOVE:

23          HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS

24   FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH

25   CERTIFICATES SERIES 2006-AR13[1] ("Movant"), respectfully represents as follows:

26                              **RELIEF FROM STAY - CAUSE**

27   _____

28       [1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to
     Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this
     proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's
     participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

                                            - 1 -

# FAILURE TO MAKE POST-PETITION PAYMENTS

1.      This court has jurisdiction over the subject matter of this Motion pursuant to the provisions of 28 United States Code §§ 157, 1334, and 11 United States Code § 362.

2.      On or about June 26, 2009, Julio P. Julao Jr and Elisa P Julao ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code. David Burchard is the appointed Chapter 13 Trustee.

3.      On or about June 21, 2006, Debtors, for valuable consideration, made, executed and delivered to Wells Fargo Bank N.A. ("Lender") a Note in the principal sum of $664,000.00 (the "Note"). Pursuant to the Note, Debtors are obligated to make monthly principal and interest payments commencing August 1, 2006, and continuing until July 1, 2036, when all outstanding amounts are due and payable. A copy of the Note is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit A and incorporated herein by reference.

4.      On or about June 21, 2006, Debtors made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in the certain real property located at 3906 Savannah Court, South San Francisco, California 94080 (hereinafter "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtors' bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on June 30, 2006, in the Official Records of San Mateo County, State of California. A copy of the Deed of Trust is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit B and incorporated herein by reference.

5.      Subsequently, Lender's beneficial interest in the Deed of Trust was assigned and transferred to Movant. A copy of the Corporation Assignment of Deed of Trust evidencing the Assignment of the Deed of Trust to Movant is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit C and incorporated herein by reference.

/././

/././

/././

- 2 -

6.      The obligations under the Note are in default for failure to make payments as of May 1, 2010. As of January 20, 2011, the total obligation due and owing under the Note is in the approximate amount of $701,106.67, representing the principal balance of $664,000.00, interest in the sum of $33,285.25, late charges in the amount of $1,556.28, escrow advances in the amount of $1,287.86, recoverable balance of $2,646.68, and less a suspense balance of $1,669.40. Moreover, the total arrears under the Note are in the approximate sum of $34,986.13, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion. This is an approximate amount for purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel.

7.      Pursuant to 11 United States Code § 1322, and the Debtors' Chapter 13 Plan, the Debtors are obligated to make all post-petition payments owing on the Note directly to Movant. However, Movant has not received the post-petition payments owing for December 1, 2010 through January 1, 2011. Accordingly, the post-petition arrears owing under the Note are in the approximate sum of $7,840.45, consisting of two (2) payments at $3,927.05 each, and less a debtor suspense of $13.65, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion. A copy of the post-petition payment accounting pursuant to Local Rule 4001-1(g)(1) is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit D and incorporated herein by reference.

8.      A debtor's failure to make post-petition mortgage payments as they become due in a Chapter 13 case constitutes "cause" for relief from the automatic stay pursuant to 11 United States Code § 362(d)(1). In re Ellis, 60 B.R. 432, 435 (B.A.P. 9th Cir. 1985). Accordingly, as the Debtors have failed to make post-petition payments under the Note, Movant is entitled to relief from the automatic stay pursuant to 11 United States Code § 362(d)(1).

/././

/././

/././

/././

- 3 -

## RELIEF FROM STAY

## LACK OF EQUITY

9.     Movant is informed and believes that, based on the Debtors' bankruptcy Schedules, the fair market value of the Real Property is no more than $663,000.00. True and correct copies of Debtors' bankruptcy Schedules A and D are collectively attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit E and incorporated herein by reference.

10.     Based on the above, under the best case scenario, Movant is informed and believes that the equity in the Real Property is as follows:

| | |
|---|---|
| Fair Market Value: | $663,000.00 |
| Less: | |
|   Movant's Trust Deed | $701,106.67 |
|   Wells Fargo Bank NA's HELOC | $107,771.00 |
|   Costs of Sale (8%) | $53,040.00 |
| Equity in the Property: | $<198,917.67> |

11.     As a result, there is no equity in the Real Property to be realized by the Debtors or the bankruptcy estate. Further, as the Debtors are unable to service the debt on the Real Property, Movant contends that the Real Property is not necessary for an effective reorganization. Therefore, Movant is entitled to relief from stay under 11 United States Code § 362(d)(2).

12.     If Movant is not allowed to regain possession of and to foreclose on the Real Property it will suffer irreparable injury, loss and damage.

## RELIEF FROM STAY - CAUSE

## ADEQUATE PROTECTION

13.     Pursuant to the provisions of 11 United States Code §§ 361 and 362(d), Movant is entitled to adequate protection of its interest in the Real Property.

14.     Movant submits the adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

- 4 -

1    15.    Movant is informed and believes that Debtors are presently unwilling or unable to

2    provide adequate protection to the Movant and there is no probability that adequate protection

3    can be afforded to Movant within a reasonable time.

4    16.    By reason of the foregoing, Movant is entitled to relief from stay under 11 United

5    States Code § 362(d)(1), based upon the failure of Debtors to provide adequate protection to

6    Movant and to make payments as required by 11 United States Code § 1322.

7    WHEREFORE, Movant respectfully prays for an Order of this court as follows:

8    1)    Terminating the automatic stay of 11 United States Code § 362, as it applies to the

9    enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of

10    Trust;

11    2)    That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

12    3)    Granting Movant leave to foreclose on the Real Property and to enforce the

13    security interest under the Note and the Deed of Trust, including any action necessary to obtain

14    possession of the Property;

15    4)    The Order Terminating Stay of 11 U.S.C. § 362 shall be binding and effective and

16    supersede any subsequently entered confirmation order that confirms a Chapter 13 Plan of

17    Reorganization providing for the treatment of Movant's claim.

18    5)    Permitting Movant to offer and provide Debtors with information re: a potential

19    Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss

20    Mitigation Agreement, and to enter into such agreement with Debtors;

21    6)    Alternatively, in the event this court declines to grant Movant the relief requested

22    above, Movant requests that an Order for adequate protection be issued, requiring the Debtors to

23    reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust

24    and all other deeds of trust encumbering the Real Property, including Debtors' obligations to pay

25    when due (a) the monthly installments of principal and interest, as required under the Note;

26    (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtors in

27    order to protect Movant's interest in the Real Property, including all attorneys' fees and costs

28    incurred in the filing of this motion;

1    7)    That the attorneys' fees and costs incurred by Movant for filing the instant Motion

2  be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy

3  law; and

4

5    8)    For such other and further relief as the court deems just and proper.

6
   Dated: February 3, 2011          PITE DUNCAN, LLP
7

8
                                    /s/ GABRIEL OZEL (CA SBN 269098)
9                                   Attorneys for HSBC BANK USA, NATIONAL
                                    ASSOCIATION AS TRUSTEE FOR WELLS
10                                  FARGO ASSET SECURITIES CORPORATION,
                                    MORTGAGE PASS-THROUGH CERTIFICATES
11                                  SERIES 2006-AR13

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28